IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL STALCUP, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § PLAINTIFF, § § V. § § BRUNEL ENERGY, INC., § § DEFENDANT. § | CIVIL ACTION NO. _____ COLLECTIVE ACTION (JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Daniel Stalcup ("Plaintiff" or "Mr. Stalcup"), on behalf of himself and all others similarly situated, files this Original Complaint against Brunel Energy, Inc. ("Defendant" or "Brunel Energy") and in support thereof would show as follows:

### I. INTRODUCTION

1.1   Brunel Energy is a staffing company focused on placing employees in the oil and gas, mining, engineering and construction, manufacturing, infrastructure, life sciences, power utilities, marine, petrochemical, IT, transportation and renewable energy industries, nationwide. Brunel Energy manages these same employees at the various projects where it assigns them to work. They are employees of Brunel Energy.

1.2   Plaintiff is a former employee of Brunel Energy, who was misclassified by Defendant as exempt from the overtime protections and benefits of the Fair Labor Standards Act ("FLSA"). Plaintiff worked more than forty (40) hours in a work week for Defendant, but was not compensated at a rate of time and a half his regular rate of compensation for all hours worked in

excess of forty (40) hours in a work week.  Brunel Energy instead paid Plaintiff a "day rate" that failed to lawfully compensate him for overtime work.  Plaintiff was not compensated on a salary basis.

1.3     Like Plaintiff, employees placed by Brunel Energy to perform work for Brunel Energy's client companies are/were not compensated at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work week.  Instead, Brunel Energy has a written policy and/or implemented practice of paying its placed employees a "day rate" or "hourly rate" that fails to lawfully compensate them for overtime work.  Like Plaintiff, the employees placed by Brunel Energy are not compensated on a salary basis.

1.4     Plaintiff brings this action individually and on behalf of all current and former employees placed by Defendant to perform work for Brunel Energy's client companies nationwide in the three years preceding the filing of this lawsuit.  Plaintiff seeks to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.5     Plaintiff and all others similarly situated demand a jury trial.

## II. PARTIES

**A.     PLAINTIFF**

2.1     Within the last two years, Daniel Stalcup was employed by Defendant within the meaning of the FLSA in Texas.  Mr. Stalcup was employed by Brunel Energy from approximately October 21, 2014 to October 31, 2015.  Mr. Stalcup's Notice of Consent is attached hereto and is being filed herewith.

2.2     The collective action members are all current and former employees placed by Defendant to perform work for Brunel Energy's client companies nationwide during the three-year period preceding the filing of this Complaint through the present. Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant. These collective action members are referred to as "similarly situated."

**B.      DEFENDANT**

2.3     Brunel Energy, Inc. is a foreign corporation that does business in the State of Texas and Houston. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), Brunel Energy may be served with Summons and this Complaint through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.4     Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.5     At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.6     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

### III. JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because, among other reasons, Defendant is a resident of and is doing business in this District.

## IV. FACTUAL BACKGROUND

4.1     Brunel Energy is a staffing company focused on placing employees in the oil and gas, mining, engineering and construction, manufacturing, infrastructure, life sciences, power utilities, marine, petrochemical, IT, transportation and renewable energy industries, nationwide.

4.2     The employees placed by Brunel Energy are employees of Brunel Energy. Among other things:

   a.   Brunel Energy manages these same employees at the various projects where it assigns them to work and communicates with them regarding the assigned tasks;

   b.   Each employee placed by Brunel Energy is under the supervision of, and subject to the policies and protocol of, Brunel Energy;

   c.   Brunel Energy screens, interviews and hires the employees it places and has the authority to fire the employees;

   d.   Brunel Energy controls the placed employees' work schedules and conditions of employment, determines their rate and method of pay;

   e.   Brunel Energy maintains records of hours, handles payroll and provides insurance to these same employees;

   f.   Brunel Energy maintains employment records, such as, but not limited to, the placed employees' resumes, employment applications, background check documentation, pay records, and time records; and,

   g. Brunel Energy holds out the employees it places as employees of Brunel Energy, and communicates to the placed employees that Brunel Energy is their employer.

4.3 Employees placed by Defendant to perform work for Brunel Energy's client companies are employees of Brunel Energy. They are, however, incorrectly labeled by Brunel Energy as "independent contractors" of Defendant in the employees' Contractor Agreements.

4.4 Plaintiff is a former employee of Brunel Energy, who was incorrectly labeled by Brunel Energy as an "independent contractor" in his Contractor Agreement with Defendant.

4.5 Plaintiff was first placed by Brunel Energy to perform work at ExxonMobil Global Services Company in Houston, Texas. He was later placed by Brunel Energy to perform work at ExxonMobil Development Company in Spring, Texas. Throughout his employment with Brunel Energy, Plaintiff was given the job title of Health, Safety and Environmental Advisor ("HSE Advisor") by Defendant.

4.6 Brunel Energy controlled the hours to be worked by Plaintiff.

4.7 Brunel Energy supervised the work to be performed by Plaintiff.

4.8 Brunel Energy maintained communication with Plaintiff while Plaintiff performed work at ExxonMobil Global Services Company and ExxonMobil Development Company.

4.9 Plaintiff was treated and held out by Brunel Energy as an employee of Defendant and Plaintiff performed job duties which reflected such status.

4.10 Plaintiff was not compensated by Brunel Energy on a salary basis.

4.11 Plaintiff's employment arrangement with Brunel Energy did not include a guarantee of at least $455 per work week regardless of the number of hours, days or shifts worked by Plaintiff.

4.12   According to Plaintiff's agreement with Brunel Energy, Plaintiff was to work five (5) days per week and ten (10) hours per day.  Plaintiff's Earning Statements and Timesheets reflect that Plaintiff regularly worked more than fifty (50) hours per work week.

4.13   Brunel Energy paid Plaintiff a "day rate" that failed to lawfully compensate him for overtime work.

4.14   By way of example only, during each work week of the pay period of August 1, 2015 to August 31, 2015, Plaintiff worked more than forty (40) hours.  This is reflected in Mr. Stalcup's Earning Statement and TimeSheet for that pay period.  Mr. Stalcup's Earning Statement for that pay period reflects that Defendant did not compensate Mr. Stalcup's at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  Instead, for his overtime hours, Brunel Energy paid Mr. Stalcup his regular rate of pay.

4.15   No FLSA exemption applies to employees who performed the job duties of Plaintiff.

4.16   The primary job duty of Plaintiff, as an HSE Advisor, was to assist in implementing and applying the client companies' safety manuals under the supervision of, and subject to the policies and protocol of, Brunel Energy.  Plaintiff's job duties were primarily manual, non-office, labor that did not involve supervisory or managerial functions.

4.17   Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA.

4.18   During the relevant period, Defendant has been subject to the requirements of the FLSA.

4.19   Brunel Energy failed to comply with the FLSA in that Plaintiff performed services for Defendant, and he was not properly compensated for those hours worked in excess of forty (40) hours

within a work week. Plaintiff was not paid at one and one-half of his regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.20     The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees similarly situated to Plaintiff were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3     Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.4     Like Plaintiff, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.5     Like Plaintiff, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.6     As such, such workers are similar to Plaintiff in terms of pay structure and/or the denial of overtime pay.

5.7     These other similarly situated employees are being denied and have been denied their lawful wages. Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.8     The specific job titles or precise job responsibilities of each similarly situated employee does not prevent collective treatment.

5.9     All similarly situated employees, irrespective of their particular job requirements, are entitled to overtime compensation for all hours worked in excess of forty (40) during a work week.

5.10    As such, Plaintiff brings these claims on his own behalf and on behalf of all other similarly situated employees placed by Defendant to perform work for Brunel Energy's client companies, who were, are or will be employed by Defendant nationwide during the period of three years prior to the commencement of this action through the date of judgment of this action, who were, are or will not be paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.11    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.12    Plaintiff requests that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.13    Plaintiff seeks equitable tolling to protect the rights of those similarly situated.

5.14    Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.15    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.16    Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.  Plaintiff has retained counsel competent, experienced in complex wage and hour matters and collective actions.

## VI.  VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiff and all others similarly situated are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.3    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of forty (40) hours per work week.

6.4    Defendant has not made a good faith effort to comply with the FLSA.

6.5    No exemption excused Defendant from paying Plaintiff and all others similarly situated, overtime pay for all of the hours worked over forty (40) per work week.

6.6    Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding denial of overtime compensation owed to Plaintiff and to all other similarly situated employees.

6.7    Plaintiff and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

7.1   Plaintiff and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated to them who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

- a.   an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

- b.   damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

- b.   liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

- c.   all applicable penalties for the violations set forth herein;

- d.   an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

- e.   an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

- g.   such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

*/s/ J. Moises Cedillos*
J. Moises Cedillos
Attorney-in-Charge
State Bar No. 24080828
Southern District I.D. No. 1531827
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098
Telephone: (832) 900-9456
Facsimile: (832) 900-9456

*/s/ John M. Padilla*
John M. Padilla
State Bar No. 00791395
Southern District I.D. No. 19236
PADILLA & RODRIGUEZ, L.L.P.
5433 Westheimer, Suite 825
Houston, Texas 77056
Telephone: (713) 574-4600
Facsimile: (713) 574-4601

**ATTORNEYS FOR PLAINTIFF**